# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOSEPH BARNES,                )
                                  )
           Plaintiff,          )
                                   )
           v.             )          Civil Action No. 11-0438
                                   )
WELLS FARGO BANK, N.A., successor    )
by merger to Wells Fargo Bank          )          Judge Gary L. Lancaster
Minnesota, N.A., as Trustee f/k/a Norwest  )          Magistrate Judge Cathy Bissoon
Bank Minnesota, N.A., as Trustee for     )
Delta Funding Home Equity Loan       )
Asset-Backed Certificates Series 2001-2,  )
and OCWEN LOAN SERVICING, LLC,    )
                                   )
           Defendants.      )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I.      RECOMMENDATION

It is respectfully recommended that Defendants' Motion to Strike (Doc. 10) Plaintiff's

Objections to Notice of Removal be GRANTED, as discussed below.

### II.      REPORT

**BACKGROUND**

#### A.  **Factual Background**

Plaintiff Joseph Barnes secured a mortgage on a residence which, through a series of

mergers, came to be held by Defendant Wells Fargo Bank N.A. ("Wells Fargo") and serviced by

Defendant Ocwen Loan Servicing LLC ("Ocwen").  Compl. (Doc. 1-3) ¶ 2.  Plaintiff failed to

make the required monthly payments, causing the mortgage to go into default and instigating a

mortgage foreclosure action by the Defendants against Plaintiff.  *Id.* at ¶¶ 5-7.  Subsequently,

Defendants successfully bid on the subject property at a sheriff sale.  *Id.* at ¶ 8.  Plaintiff alleges

that, prior to receiving the deed to the property, Defendants entered the premises without

Plaintiff's permission or authorization, removed all his personal property and possessions located

on and within the premises, and proceeded to either sell or dispose of them. *Id.* at ¶¶ 9-10. The

subject possessions allegedly included, but were not limited to, furniture, electronics, clothing,

and personal memorabilia, such as the Plaintiff's father's ashes. *Id.* at ¶ 11. Plaintiff claims the

property was not abandoned by him and that, furthermore, Defendants had failed to provide

either notice of intent to remove the possessions or an opportunity to collect them. *Id.* at ¶ 12. In

the Complaint, Plaintiff asserts several causes of action against Defendants, including breach of

contract (Count I), conversion (Count II), trespass (Count III), violation of the Pennsylvania

Unfair Trade Practices and Consumer Protection Law (Count IV), and negligence (Count V). *Id.*

at ¶¶ 19-51. On each count, Plaintiff seeks damages "in excess of the Arbitration limits," which,

in Allegheny County, is $25,000, in addition to court costs and unspecified punitive damages.

*Id.*

### B. Procedural Background

Plaintiff commenced this action against Defendants in the Court of Common Pleas of

Allegheny County on March 11, 2011. (Doc. 1-3). Defendants removed the case to this Court on

April 1, 2011. (Doc. 1). On May 17, 2011, Plaintiff filed Objections to the Notice of Removal

(Doc. 9), claiming that this Court lacks subject matter jurisdiction over the matter.[1] Although

there is no dispute that complete diversity of citizenship exists, Plaintiff contends that the

amount-in-controversy does not exceed $75,000. (Doc. 9) ¶ 3. On May 23, 2011, Defendants

filed a motion (Doc. 10) to strike the Plaintiff's objections.

---

[1] Defendant contends that Plaintiff's Objections are untimely and should be stricken. (Doc. 11)
However, the question of subject matter jurisdiction may be raised before the district court at any
time prior to final judgment. 28 U.S.C. § 1447(c).

## ANALYSIS

### A. STANDARD OF REVIEW

The Court of Appeals for the Third Circuit has provided guidance in analyzing a motion to remand when the amount in controversy is in dispute.[2] *Frederico v. Home Depo*t, 507 F.3d 188, 195-97 (3d Cir. 2007). When Plaintiff, in his complaint, has not specified that the amount in controversy is less than the jurisdictional minimum, the court must apply the *Samuel-Bassett* test. *See Samuel-Bassett v. KIA Motors America*, Inc., 357 F.3d 392 (3d Cir. 2004). Under this test, the burden shifts to the *challenger* to subject matter jurisdiction to prove, to a legal certainty, that the amount in controversy cannot exceed the statutory threshold. *Frederico,* 507 F.3d at 195. The rule does not require the proponent of federal jurisdiction to prove anything. *Martin v. Wal-Mart Stores*, Inc.*,* 709 F. Supp. 2d 345, 347 (D.N.J. 2010) (citing *Frederico*, 507 F.3d at 195).

Determining the amount in controversy begins with a reading of the complaint filed in the state court. *Id*. When a case is brought in federal court, "the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *St. Paul Mercury Indemnity Co. v. Red Cab Co*., 303 U.S. 283, 288 (1938). Also, the court may look to the defendant's notice of removal. *Id.* A defendant's notice of removal serves the same function as the complaint would if filed in the district court. *Morgan,* F.3d at 474. "The court must measure the amount 'not by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated.'" *Werwinski v. Ford Motor Co.,* 286 F.3d 661, 666 (3d Cir. 2002) (quoting *Angus v. Shiley Inc.,* 989 F.2d 142, 146 (3d Cir. 1993)). Punitive damages are considered when calculating the amount in controversy. *Frederico*, 507 F.3d at 199.

---

[2] Plaintiff's "Objection" to removal essentially is a motion to remand.

## B. ANALYSIS OF THE AMOUNT-IN-CONTROVERSY

From the face of the complaint, it does not appear to a legal certainty that Plaintiff cannot recover in excess of $75,000.  Although Plaintiff maintains that he "does not believe [or assert] that recovery under each count . . . is possible," he has provided no grounds to support this proposition.  (Doc. 9) ¶ 9.  In his complaint, Plaintiff enumerates five individual counts, each seeking an award in excess of $25,000.  (Doc. 1-3) ¶ 19-51.  In its Notice of Removal, Defendant relies on these same facts in aggregating Plaintiffs claims and asserts that the amount in controversy exceeds $125,000.  (Doc. 1) ¶ 13.  The general rule is that multiple claims brought by a single plaintiff against a single defendant can be aggregated when determining the amount in controversy, regardless of whether the claims are related to each other.  *Snyder v. Harris*, 394 U.S. 332, 335 (1969).  However, "[multiple] claims [can]not be aggregated if [the plaintiff] could not recover damages for both."  *Suber v. Chrysler Corp.*, 104 F.3d 578, 588 (3d Cir. 1997).  This means that "if [multiple] claims are alternative bases of recovery for the same harm under state law, [the plaintiff] could not be awarded damages for both," and a court should not aggregate the claims.  *Id.*[3]

Assuming, arguendo, Plaintiff can demonstrate that he is unable to prevail on all of his claims simultaneously and that the amount in controversy falls below the aggregated sum of $125,000, Plaintiff is still unable to show, to a legal certainty, that he cannot recover over $75,000.  Additionally, punitive damages may be awarded for trespass or conversion, rendering

---

[3] Plaintiff's Objections can be interpreted as suggesting alternative bases of recovery for the same harm, which should not be aggregated.  (Doc. 9).  However, a reading of the complaint reveals several counts which allege separate and distinct harms and are, therefore, suitable for aggregation.  Even in the alternative, it is possible for Plaintiff to recover simultaneously for Counts I, II, or III and Count IV or Count V.

the amount in controversy indeterminate and potentially in excess of $75,000.  *Day v. Woodworth*, 54 U.S. 363, 369 (1851).

**CONCLUSION**

For all of the reasons stated above, Defendants' Motion to Strike (Doc. 10) should be GRANTED. In accordance with the Magistrates Act, 20 U.S.C. § 636(b)(1) (B) and (C), and Rule 72.D.2 of the Local Rules for Magistrates, objections to this Report and Recommendation must be filed by August 1, 2011.  Failure to file objections will waive the right to appeal.  *Brightwell v. Lehman*, 637 F.3d 187, 193 n.7 (3d Cir. 2011).  Responses to objections are due by August 18, 2011.

s/ Cathy Bissoon
Cathy Bissoon
U.S. Magistrate Judge

July 13, 2011

cc (via email):

All attorneys of record.