IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH BARNES, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>WELLS FARGO BANK, N.A., *et al.*, )<br>)<br>Defendants. )<br>) | Civil Action No. 11-438<br><br>Judge Gary L. Lancaster<br>Magistrate Judge Cathy Bissoon |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I.   RECOMMENDATION

It is respectfully recommended that Defendant Wells Fargo Bank, N.A. and Ocwen Loan Servicing, LLC's Motion to Dismiss (Doc. 5) be granted in part and denied in part, as discussed below.

### II.   REPORT

**BACKGROUND**

**A.   Factual Background**

Plaintiff Joseph Barnes secured a mortgage on a residence which, through a series of mergers, came to be held by Defendant Wells Fargo Bank N.A. ("Wells Fargo") and serviced by Defendant Ocwen Loan Servicing LLC ("Ocwen"). Compl. ¶ 2 (Doc. 1-3). Plaintiff failed to make the required monthly payments, causing the mortgage to go into default and instigating a mortgage foreclosure action by Defendants against Plaintiff. Id. at ¶¶ 5-7. Subsequently, Defendants successfully bid on the subject property at a sheriff sale. Id. at ¶ 8.

Plaintiff alleges that, prior to receiving the deed to the property and without having obtained legal ownership of the property, Defendants entered the premises without Plaintiff's permission or

authorization, removed all his personal property and possessions located on and within the premises, and proceeded to either sell or dispose of them. Id. at ¶¶ 9-10, 14. Plaintiff claims the property was not abandoned by him and that, furthermore, Defendants failed to provide either notice of intent to remove the possessions or an opportunity to collect them. Id. at ¶ 12.

Plaintiff asserts five causes of action against Defendants: breach of contract (Count I), conversion (Count II), trespass (Count III), violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law (Count IV), and negligence (Count V). Id. at ¶¶ 19-51.

### B.  Procedural Background

Plaintiff commenced this action against Defendants in the Court of Common Pleas of Allegheny County on March 11, 2011. Doc. 1-3. Defendants removed the case to this Court on April 1, 2011. Doc. 1. Defendants filed their motion to dismiss (Doc. 5) on April 7, 2011. Plaintiff filed objections to Defendants' notice of removal (Doc. 9) on May 17, 2011, and Defendants filed a motion to strike (Doc. 10) Plaintiff's objections on May 23, 2011. This Court granted Defendants' motion to strike on August 11, 2011 (Doc. 14), and ordered Plaintiff to respond to Defendants' motion to dismiss. Plaintiff filed his response (Doc. 16) to the motion to dismiss on August 31, 2011, and the motion to dismiss now is ripe for disposition.

Defendants raise three arguments in their motion to dismiss. First, Defendants argue that Plaintiff has failed to state any claim because he alleges no facts from which the Court could conclude that the alleged removal of abandoned property was unlawful in any manner. Second, Defendants argue that, if Plaintiff has stated a claim, Plaintiff's tort claims (Counts II-V) should be dismissed under the gist of the action doctrine. Third, Defendants argue that Plaintiff's claim under the Pennsylvania Unfair Trade Practices and Consumer Protection Law should be dismissed under Federal Rule of Civil Procedure 9 for failing to plead fraud with particularity.

## ANALYSIS

### A. Sufficiency of Factual Allegations

In deciding a motion to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6), the Court must accept as true all factual allegations in the complaint and draw all inferences from the facts alleged in the light most favorable to the plaintiff. Phillips v. Cnty. of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008). To survive a motion to dismiss, the factual allegations in a complaint must "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. __, __, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).[1]

Defendants argue that Plaintiff does not allege any facts to support the legal conclusion that Defendants had no legal authority to enter Plaintiff's residence and remove his personal property. Plaintiff alleges that a foreclosure action was commenced against him and that Defendants eventually obtained ownership of his residence. Compl. ¶¶ 4-8 (Doc. 1-3). Plaintiff alleges no wrongdoing by Defendants in the foreclosure action. Defendants, however, ignore Plaintiff's allegations that Defendants entered his residence and removed his personal property "[p]rior to receiving the deed," "without having obtained legal ownership" of the residence, and without his permission or authorization. Id. at ¶¶ 9-10, 14. In other words, Plaintiff has alleged that while he still owned his residence, Defendants entered the residence without his permission and removed all his personal property. Plaintiff, therefore, has alleged sufficient facts to support

---

[1] As Defendants correctly note in their reply brief (Doc. 18), Plaintiff relies on overruled case law and the incorrect standard for evaluating sufficiency of factual allegations in a complaint.

the legal conclusion that Defendants had no legal authority to enter his residence and remove his personal property.

### B.   Gist of the Action Doctrine

Under the gist of the action doctrine, "a claim should be limited to a contract claim when 'the parties' obligations are defined by the terms of the contracts, and not by the larger social policies embodied in the law of torts.'" Bohler-Uddehom America, Inc. v. Ellwood Group, Inc., 247 F.3d 79, 104 (3d Cir. 2001) (quoting Bash v. Bell Tel. Co., 601 A.2d 825, 830 (Pa. Super. 1992)).[2] Without any substantive discussion, Defendants assert that Plaintiff's tort claims (Counts II-V) should be dismissed under the gist of the action doctrine because Plaintiff relies on the same alleged conduct for both his contract claim and the tort claims. Defs.' Br. at 4 (Doc. 6).

Without additional information regarding Plaintiff's contract claim, it is premature at this early stage in the litigation to determine whether Plaintiff's action sounds in contract or in tort. See Pratter v. Penn Treaty Am. Corp., 11 A.3d 550, 559-60 (Pa. Commw. Ct. 2010) (declining to dismiss tort claims under gist of the action doctrine before Defendant's response to breach of contract allegations and before knowing details of contractual provisions).

### C.   Allegations of Fraud

Under Federal Rule of Civil Procedure 9, a party alleging fraud "must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). In Count IV, Plaintiff alleges that Defendants violated the Pennsylvania Unfair Trade Practices and Consumer Protection Law by "engaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or misunderstanding." Compl. ¶ 38 (Doc. 1-3). Plaintiff makes no

---

[2]   To date, the Pennsylvania Supreme Court has not adopted the gist of the action doctrine, but the Superior Court has "operated under the assumption that the gist of the action doctrine is a viable doctrine that will eventually be explicitly adopted by [the] state's High Court." Reardon v. Allegheny College, 926 A.2d 477, 486 (Pa. Super. 2007). The Court of Appeals for the Third Circuit also has taken this view. Bohler-Uddeholm, 247 F.3d at 103-04.

allegations regarding what particular conduct of Defendants was allegedly fraudulent or deceptive. Plaintiff, therefore, has not met the requirement of Rule 9 to "state with particularity the circumstances constituting fraud," and Count IV should be dismissed.[3]

**CONCLUSION**

For all of the reasons stated above, Defendants' Motion to Dismiss (Doc. 5) should be granted in part and denied in part. It is respectfully recommended that Defendants' motion to dismiss Plaintiff's claim under the Pennsylvania Unfair Trade Practices and Consumer Protection Law (Count IV) be granted without prejudice and that Defendants' motion to dismiss be denied in all other respects.

In accordance with the Magistrates Act, 20 U.S.C. § 636(b)(1) (B) and (C), and Rule 72.D.2 of the Local Rules for Magistrates, objections to this Report and Recommendation must be filed by September 26, 2011. Failure to file objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011). Responses to objections are due by October 13, 2011.

s/ Cathy Bissoon<br>
Cathy Bissoon<br>
U.S. Magistrate Judge

September 7, 2011

cc (via email):

All attorneys of record.

---

[3] Even if Plaintiff had alleged with particularity the circumstances constituting fraud, Plaintiff has not alleged any facts to support a claim under the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL"). See 73 P.S. § 201-9.2 (setting forth requirements for private action under UTPCPL).